**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CASE NO. 5:26-cv-00355-JSS-PRL**

KENEISHA SMITH,

Plaintiff,

v.

INSURE CHOICE LLC d/b/a INSURE CHOICE GROUP,

Defendant.
___________________________________/

# DEFENDANT INSURE CHOICE LLC D/B/A INSURE CHOICE GROUP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Insure Choice LLC d/b/a Insure Choice Group ("Insure Choice" or "Defendant"), by and through undersigned counsel, answers Plaintiff Keneisha Smith's ("Plaintiff") Complaint and asserts its affirmative defenses as follows. Each response is based on information presently available to Defendant. Any allegation not expressly admitted is denied.

## ANSWER

## I. PARTIES

1. Defendant responds that the allegations identifying Plaintiff are admitted only to the extent they accurately identify Plaintiff as the named plaintiff in this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's use of both telephone numbers for personal, family, and household purposes and therefore denies them.

5. Defendant admits that Insure Choice LLC is a limited liability company organized under the laws of Wyoming.

6. Defendant admits that it conducts business using the name Insure Choice Group.

7. Defendant admits only that the Complaint identifies a Wyoming address as Defendant's principal and mailing address. Defendant's organizational and business records speak for themselves.

8. Defendant admits only that the Complaint identifies Registered Agents Inc. as its registered agent at the stated address. Defendant's official records speak for themselves.

9. Defendant admits that it uses the insurechoicegroup.com domain in connection with its insurance business.

10. Defendant lacks knowledge or information sufficient to admit or deny the identities and roles of all third-party callers, call centers, lead generators, dialing

vendors, and marketing vendors alleged to have been involved in the calls and therefore denies those allegations to the extent a response is required.

11. Paragraph 11 states Plaintiff's stated intention concerning a possible future amendment and does not require a response. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to amend as of right where leave of Court or other authorization is required.

## II. JURISDICTION AND VENUE

12. Defendant admits that the Complaint purports to assert a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and that the Court has federal-question jurisdiction over a properly pleaded federal claim. Defendant denies that Plaintiff is entitled to relief.

13. Defendant admits that the Complaint asserts a claim under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. Defendant does not dispute that the Court may exercise supplemental jurisdiction if the statutory requirements are met, but denies that Plaintiff is entitled to relief on that claim.

14. Defendant admits that Plaintiff alleges venue is proper in this District. Defendant admits venue only to the extent the requirements of applicable law are satisfied.

15. Defendant admits that Plaintiff alleges she resides in Lady Lake, Florida. Defendant lacks knowledge or information sufficient to admit or deny the current accuracy of that allegation and therefore denies it to the extent a response is required.

16. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's precise location at the time of each alleged call and therefore denies the allegation.

17. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's precise location at the time of each alleged call and therefore denies the allegation.

## III. FACTUAL ALLEGATIONS

18. Defendant admits that Plaintiff alleges her telephone number ending in 1035 was registered on the National Do Not Call Registry on September 1, 2024. Defendant lacks knowledge or information sufficient to admit or deny the registration history and scope of the registration and denies the allegation to the extent a response is required.

19. Defendant admits that the date alleged in Paragraph 19, if accurate, precedes the alleged November 2025 calls by more than 31 days. Defendant denies that this allegation establishes liability against Defendant for calls it did not make or cause to be made.

20. Defendant denies that Plaintiff's allegations establish that Defendant lacked any legally sufficient consent or permission for every communication at issue. Defendant admits that Plaintiff participated in the transferred call with Defendant's representative and provided information and verbal consents during that interaction. Defendant denies that this establishes consent for any earlier call.

21. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff submitted any online lead form to a third party and therefore denies the allegation to the extent a response is required. Defendant denies that it initiated the alleged earlier calls.

22. Defendant lacks knowledge or information sufficient to admit or deny what Plaintiff communicated to each unidentified caller before the transfer. Defendant denies that any alleged statements to unidentified third parties establish that Defendant made or caused the earlier calls.

23. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff had any prior business relationship with each third party identified in Paragraph 23. Defendant denies that Plaintiff's allegations establish that Defendant initiated the earlier calls.

24. Defendant admits that Plaintiff alleges she received 30 healthcare marketplace calls between November 14 and November 24, 2025. Defendant denies that all or any of the alleged calls to the number ending in 1035 were placed by, directed by, or legally attributable to Defendant.

25. Defendant denies that the alleged calls constituted a campaign made by or on behalf of Defendant. Defendant lacks knowledge or information sufficient to admit or deny the identities and activities of the unidentified third-party callers and vendors.

26. Defendant admits that its representative discussed health insurance options with Plaintiff after the transfer. Defendant lacks knowledge or information sufficient to admit or deny the content and purpose of every earlier alleged call and denies that those calls are attributable to Defendant.

27. Defendant lacks knowledge or information sufficient to admit or deny whether each alleged call included an audible pause or beep before a live agent answered.

Defendant denies that such an alleged pause, standing alone, establishes the use of technology prohibited by any statute or establishes that Defendant placed the call.

28. Defendant lacks knowledge or information sufficient to admit or deny what each unidentified caller said and therefore denies the allegation to the extent it concerns calls not made by Defendant.

29. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff made the alleged request to each unidentified caller. Defendant denies that any such request was communicated to Defendant during its interaction with Plaintiff, to the extent supported by the information presently available.

30. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff told unidentified callers that she was not interested. Defendant denies that the allegation establishes that Defendant received such a request before the transferred call.

31. Defendant lacks knowledge or information sufficient to admit or deny the circumstances of the earlier calls and any alleged continuation after a request made to an unidentified caller. Defendant denies that the earlier calls are attributable to Defendant.

32. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff called back each displayed caller ID number and therefore denies the allegation to the extent a response is required.

33. Defendant lacks knowledge or information sufficient to admit or deny the result of Plaintiff's attempts to call back the displayed numbers, and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to admit or deny whether the alleged calls used rotating caller ID numbers and therefore denies the allegation to the extent a response is required.

35. Defendant lacks knowledge or information sufficient to admit or deny the accuracy and completeness of the caller ID numbers listed in Paragraph 35. Any verified call logs or other records speak for themselves.

36. Defendant lacks knowledge or information sufficient to admit or deny the accuracy or characterization of Plaintiff's call log and therefore denies the allegation to the extent a response is required.

37. Defendant lacks knowledge or information sufficient to admit or deny the contents and completeness of Plaintiff's call log or the circumstances of any alleged do-not-call requests to unidentified callers, and therefore denies the same.

38. Defendant lacks knowledge or information sufficient to admit or deny the details of the alleged November 24, 2025 call from the displayed number identified in Paragraph 38 before the transfer to Defendant's representative, and therefore denies the same.

39. Defendant lacks knowledge or information sufficient to admit or deny the statements made by the unidentified marketplace representative and therefore denies the allegation to the extent a response is required.

40. Defendant lacks knowledge or information sufficient to admit or deny what the unidentified marketplace representative told Plaintiff concerning an update to her existing plan, and therefore denies the same.

41. Defendant lacks knowledge or information sufficient to admit or deny the precise information Plaintiff provided to the unidentified marketplace representative before the transfer, and therefore denies the same.

42. Defendant lacks knowledge or information sufficient to admit or deny the circumstances of the alleged hold and attempted transfer by the unidentified marketplace representative, and therefore denies the same.

43. Defendant lacks knowledge or information sufficient to admit or deny the alleged technical circumstances of the initial transfer attempt, and therefore denies the same.

44. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 44 of the Complaint, and therefore denies the same.

45. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 45 of the Complaint, and therefore denies the same.

46. Defendant admits that Plaintiff alleges she did not provide the alternate number as consent to future marketing calls. Defendant denies that this allegation establishes that Defendant initiated or was responsible for the earlier calls to the number ending in 1035. Defendant further denies that the facts alleged establish a violation by Defendant during the subsequent interaction.

47. Defendant admits that Plaintiff alleges the number ending in 6775 was not registered on the National Do Not Call Registry. Defendant denies that the Registry status of the separate number ending in 1035 establishes liability for the communications involving the number ending in 6775.

48. Defendant lacks knowledge or information sufficient to admit or deny all details of the alleged call from the unidentified marketplace representative to the alternate number. Defendant admits that Plaintiff was subsequently connected to Defendant's representative and denies that this connection establishes Defendant's responsibility for earlier calls.

49. Defendant admits that Plaintiff was connected to Revekah Espina during the November 24, 2025 interaction.

50. Defendant admits that Ms. Espina acted as a representative associated with Insure Choice in communicating with Plaintiff concerning health insurance.

51. Defendant admits that the call was difficult to hear, as alleged.

52. Defendant admits that Ms. Espina requested to disconnect and call Plaintiff back due to connection issues.

53. Defendant admits that Ms. Espina called Plaintiff back at the number ending in 6775. Defendant lacks knowledge or information sufficient to admit or deny the accuracy of the displayed caller ID number alleged in Paragraph 53 and therefore denies that detail to the extent a response is required.

54. Defendant admits that Ms. Espina discussed available Molina health insurance plan options with Plaintiff.

55. Defendant admits that Ms. Espina sent Plaintiff an email from the insurechoicegroup.com domain on or about November 24, 2025, subject to the contents of the email itself.

56. Defendant admits that the email contained health plan information and links concerning Molina, subject to the contents of the email itself.

57. Defendant admits that Plaintiff alleges she received a screenshot of a Molina Healthcare plan. The screenshot speaks for itself.

58. Defendant admits that the policy screenshot identified Plaintiff as the member, subject to the contents of the document itself.

59. Defendant admits that the policy screenshot identified Ms. Espina as Agent of Record, subject to the contents of the document itself.

60. Defendant admits that the policy screenshot lists the NPN identified in Paragraph 60, subject to the contents of the document itself.

61. Defendant lacks knowledge or information sufficient to admit or deny the full contents and accuracy of the licensing records referenced in Paragraph 61. Those public records speak for themselves.

62. Defendant lacks knowledge or information sufficient to admit or deny the precise licensing status alleged in Paragraph 62 and therefore denies the allegation to the extent a response is required.

63. Defendant lacks knowledge or information sufficient to admit or deny the precise appointment status alleged in Paragraph 63 and therefore denies the allegation to the extent a response is required.

64. Defendant admits that Ms. Espina sent Plaintiff a follow-up email on or about December 17, 2025, subject to the contents of the email itself.

65. Defendant admits that the quoted language is alleged to appear in the email. The email speaks for itself.

66. Defendant admits that Plaintiff alleges the follow-up email asked whether she had received her member identification cards and plan documents. The email speaks for itself.

67. Defendant admits that Plaintiff alleges the email included a referral link. The email speaks for itself.

68. Defendant admits that its privacy policy speaks for itself. Defendant denies any characterization of the policy as establishing that Defendant placed, directed, authorized, or controlled the alleged earlier calls.

69. Defendant admits that its representative advised Plaintiff that her interaction with Defendant occurred after a transfer through a third-party marketing source. Defendant denies that the transfer, standing alone, establishes that Defendant initiated or controlled the preceding calls to a differing phone number.

70. Defendant admits that its representative stated that a corresponding record was located by searching Plaintiff's name in Defendant's customer relationship management system, subject to the actual communication and records. Defendant denies that the existence of a CRM record alone establishes that Defendant placed or controlled the earlier calls.

71. Defendant admits that its representative stated there were two call interactions associated with Plaintiff's enrollment, subject to the actual communication and records. Defendant denies that this statement establishes responsibility for the earlier alleged campaign.

## IV. FACTS CONNECTING THE CALLS TO DEFENDANT

72. Defendant denies that the alleged calls constituted a campaign made by or on behalf of Defendant.

73. Defendant admits that its representative discussed health insurance with Plaintiff after the transfer. Defendant lacks knowledge or information sufficient to admit or deny the content and source of the earlier alleged calls.

74. Defendant lacks knowledge or information sufficient to admit or deny that every alleged call concerned the same subject matter and therefore denies the allegation in paragraph 74 to the extent a response is required.

75. Defendant lacks knowledge or information sufficient to admit or deny that every alleged call included the described pause and beep and denies that the allegation alone establishes prohibited technology or attribution to Defendant.

76. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff made the alleged requests to unidentified callers or whether the calls continued in the manner alleged. Defendant denies that such conduct is attributable to Defendant absent proof.

77. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 77 of the Complaint, and therefore denies the same.

78. Defendant lacks knowledge or information sufficient to admit or deny the details of the unidentified marketplace representative's alleged collection of Plaintiff's information. Defendant denies that the alleged conduct establishes that Defendant initiated the earlier calls.

79. Defendant lacks knowledge or information sufficient to admit or deny the details of the attempted transfer by the unidentified marketplace representative, and therefore denies the same.

80. Defendant lacks knowledge or information sufficient to admit or deny the precise circumstances in which the unidentified representative requested Plaintiff's alternate number, and therefore denies the same.

81. Defendant admits that Plaintiff was connected to Ms. Espina through the alternate number. Defendant denies that this connection establishes that Defendant initiated, directed, authorized, or controlled the earlier calls.

82. Defendant admits that Ms. Espina used an email address with the insurechoicegroup.com domain to communicate with Plaintiff. Defendant denies that this fact establishes responsibility for the earlier calls.

83. Defendant admits that Ms. Espina communicated with Plaintiff concerning insurance options and enrollment after the transfer. Defendant denies that this establishes that Defendant placed or controlled the earlier campaign.

84. Defendant lacks knowledge or information sufficient to admit or deny the precise statements made by unidentified callers before the transfer, and therefore denies the same.

85. Defendant lacks knowledge or information sufficient to admit or deny the identities, relationships, or activities of the third-party callers and vendors alleged to have participated in the campaign, and therefore denies the same.

86. Defendant denies that Plaintiff's allegations establish that Defendant selected the telephone numbers allegedly called before the transfer.

87. Defendant denies that Plaintiff's allegations establish that Defendant supplied the calling lists allegedly used for the earlier calls.

88. Defendant denies that Plaintiff's allegations establish that Defendant provided scripts, instructions, or directions to the unidentified callers concerning the earlier calls.

89. Defendant denies that Plaintiff's allegations establish that Defendant controlled the timing, frequency, or manner of the alleged earlier calls.

90. Defendant denies that it accepted or used a lead generated by an unlawful campaign with knowledge that the preceding calls to a differing phone number were unlawful. Defendant admits that Plaintiff was transferred to its representative and that Ms. Espina discussed insurance options and enrollment with Plaintiff.

91. Defendant admits that Ms. Espina discussed insurance options with Plaintiff and that Plaintiff completed an enrollment process. Defendant denies that any benefit from the enrollment, standing alone, establishes liability for earlier calls.

92. Defendant admits that Ms. Espina acted as a representative associated with Defendant during the insurance interaction. Defendant denies that this establishes that

unidentified callers were Defendant's agents or that their earlier calls are legally attributable to Defendant.

93. Defendant denies that Plaintiff's allegations establish that Defendant authorized or controlled the third-party callers' alleged conduct.

94. Defendant denies that Plaintiff's allegations establish that Defendant ratified unlawful conduct by unidentified third parties.

95. Defendant denies that Plaintiff's allegations establish that Defendant knowingly accepted the benefits of unlawful calls with knowledge of any alleged violation.

96. Defendant denies that the fact that Plaintiff was transferred to an insurance representative establishes that Defendant initiated or caused the preceding calls to a differing phone number.

97. Defendant denies that the facts alleged establish that the unidentified callers were acting as Defendant's agents when placing the earlier calls to the differing phone number.

98. Defendant denies that the facts alleged establish that Defendant exercised the control necessary to impute the earlier callers' conduct to Defendant.

99. Defendant denies that the facts alleged establish that Defendant directed, supervised, or approved the alleged campaign.

100. Defendant admits that Ms. Espina sent Plaintiff plan information from the insurechoicegroup.com domain. Defendant denies that this establishes that Defendant placed or controlled the earlier calls to the differing phone number.

101. Defendant admits that the policy screenshot identified Ms. Espina as Agent of Record, subject to the contents of the document. Defendant denies that this establishes responsibility for the earlier calls.

102. Defendant admits that Ms. Espina later followed up with Plaintiff concerning plan documents. Defendant denies that this establishes that Defendant initiated or controlled the earlier calls.

103. Defendant admits that Plaintiff completed an insurance enrollment through Ms. Espina. Defendant denies that this establishes liability for conduct by unidentified third parties before the transfer.

104. Defendant lacks knowledge or information sufficient to admit or deny what information was available to Plaintiff concerning the identities of third-party callers and vendors before discovery, and therefore denies the same.

## V. COUNT I – TCPA 4 7 U.S.C. § 227(b)

105. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 105 of the Complaint.

106. Defendant admits that Plaintiff asserts Count I against Defendant under the TCPA. Defendant denies that Plaintiff is entitled to relief.

107. Defendant lacks knowledge or information sufficient to admit or deny the subscriber and use details concerning both telephone numbers and therefore denies the allegations to the extent a response is required.

108. Defendant lacks knowledge or information sufficient to admit or deny the full details of Plaintiff's use of both telephone numbers for personal, family, and household purposes, and therefore denies the same.

109. Defendant denies that it initiated, routed, transferred, or caused the alleged earlier telemarketing calls to Plaintiff's cellular telephone numbers. Defendant admits that Plaintiff was connected to its representative during the November 24, 2025 interaction.

110. Defendant admits that its representative discussed health insurance services with Plaintiff after the transfer. Defendant lacks knowledge or information sufficient to admit or deny the content and purpose of all earlier calls.

111. Defendant lacks knowledge or information sufficient to admit or deny whether each alleged call included the described pause and beep, and therefore denies the same.

112. Defendant denies that the alleged pause and beep, standing alone, establish use of an automatic telephone dialing system or any other technology prohibited by the TCPA.

113. Defendant lacks knowledge or information sufficient to admit or deny the purpose of every alleged call and therefore denies the allegation to the extent a response is required.

114. Defendant denies that Plaintiff's allegations establish that Defendant made any call without legally sufficient consent where consent is required. Defendant admits that Plaintiff participated in the transferred interaction and provided information and

verbal consents during that interaction. Defendant denies that those facts establish consent for earlier calls.

115. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff had a prior business relationship with each third party identified in Paragraph 115. Defendant denies that the allegation establishes liability against Defendant.

116. Defendant denies that the alleged earlier calls were made on its behalf or that the alleged facts establish a basis for imposing vicarious liability on Defendant for those calls.

117. Defendant denies that Plaintiff is entitled to relief based on conduct legally attributable to Defendant. Defendant lacks knowledge or information sufficient to admit or deny the nature and extent of the alleged injury and therefore denies the allegation to the extent a response is required.

118. Defendant denies that it violated 47 U.S.C. § 227.

119. Defendant denies that it knowingly or willfully violated the TCPA. Defendant lacks knowledge or information sufficient to admit or deny the alleged statements Plaintiff made to unidentified callers and denies that such statements establish knowledge by Defendant.

## VI. COUNT II - TCPA, 47 U.S.C. § 227(c)

120. Defendant incorporates its responses to Paragraphs 1 through 104 as though fully set forth herein.

121. Defendant admits that Plaintiff asserts Count II against Defendant under 47 U.S.C. § 227(c). Defendant denies that Plaintiff is entitled to relief.

122. Defendant admits that Plaintiff alleges her telephone number ending in 1035 was registered on the National Do Not Call Registry. Defendant lacks knowledge or information sufficient to admit or deny the registration history and scope and therefore denies the allegation to the extent a response is required.

123. Defendant lacks knowledge or information sufficient to admit or deny all details concerning Plaintiff's use of the number ending in 1035 for personal, family, and household purposes, and therefore denies the same.

124. Defendant admits that Plaintiff alleges she received multiple calls to the number ending in 1035. Defendant denies that Defendant placed or caused those calls to be placed.

125. Defendant lacks knowledge or information sufficient to admit or deny the purpose of every earlier alleged call, and therefore denies the same.

126. Defendant denies that the unidentified third-party callers' alleged conduct is attributable to Defendant.

127. Defendant denies that the transfer to its representative, the provision of plan information, the Agent of Record designation, or the follow-up email, individually or collectively, establishes that Defendant placed or caused the alleged earlier calls.

128. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff invited or permitted the alleged calls made by unidentified third parties. Defendant denies that the allegation establishes that Defendant placed those calls.

129. Defendant denies that Plaintiff's allegations establish that Defendant violated any applicable consent requirement. Defendant admits that Plaintiff participated in the

transferred interaction and provided verbal consents during that interaction, but denies that this establishes consent for earlier calls.

130. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff had a prior business relationship with each third party identified in Paragraph 130, and therefore denies the same.

131. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff made the alleged request to each unidentified caller. Defendant denies that such a request was communicated to Defendant during its interaction with Plaintiff, to the extent supported by the information presently available.

132. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff told unidentified callers she was not interested, and therefore denies the same.

133. Defendant lacks knowledge or information sufficient to admit or deny the circumstances of the earlier calls and denies that the alleged calls are attributable to Defendant.

134. Defendant denies that it knowingly accepted or used a lead generated by an unlawful campaign after receiving notice of alleged do-not-call requests.

135. Defendant denies that it failed to honor Plaintiff's rights under the National Do Not Call Registry.

136. Defendant denies that it failed to honor an internal do-not-call request communicated to Defendant.

137. Defendant denies that it violated 47 U.S.C. § 227(c) or any regulation issued under that section.

138. Defendant denies that it knowingly or willfully violated the TCPA or applicable regulations.

## VII. COUNT III - FLORIDA TELEPHONE SOLICITATION ACT

139. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 139 of the Complaint.

140. Defendant admits that Plaintiff asserts Count III against Defendant under Fla. Stat. § 501.059. Defendant denies that Plaintiff is entitled to relief.

141. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's residence and therefore denies the allegation to the extent a response is required.

142. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's precise location during each alleged call and therefore denies the allegation.

143. Defendant lacks knowledge or information sufficient to admit or deny all details concerning Plaintiff's use of the telephone numbers for personal, family, and household purposes, and therefore denies the same.

144. Defendant denies that the unidentified third-party callers' alleged conduct is attributable to Defendant. Defendant admits that Plaintiff was transferred to its representative during the November 24, 2025, interaction.

145. Defendant admits that its representative discussed health insurance options with Plaintiff after the transfer. Defendant lacks knowledge or information sufficient to admit or deny the purpose and content of every earlier call, and therefore denies the same.

146. Defendant denies that Plaintiff's allegations establish that Defendant violated any applicable consent requirement. Defendant admits that Plaintiff participated in the transferred call and provided verbal consents during that interaction, but denies that those facts establish consent for earlier calls.

147. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff signed any written agreement with a third party and therefore denies the allegation to the extent a response is required. Defendant denies that it initiated the alleged earlier calls.

148. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff submitted an online lead form to a third party, and therefore denies the same.

149. Defendant denies that the alleged pause and beep, standing alone, establish that the calls used an automated system in violation of the FTSA.

150. Defendant lacks knowledge or information sufficient to admit or deny whether the displayed caller ID numbers were used in each alleged call, and therefore denies the same.

151. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff called back each displayed caller ID number, and therefore denies the same.

152. Defendant lacks knowledge or information sufficient to admit or deny whether each displayed caller ID number was unreachable or invalid, and therefore denies the same.

153. Defendant denies the allegations contained in paragraph 153 of the Complaint.

154. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff made the alleged request to unidentified callers. Defendant denies that such a request was communicated to Defendant during its interaction with Plaintiff, to the extent supported by the information presently available.

155. Defendant denies the allegations contained in paragraph 155 of the Complaint.

156. Defendant lacks knowledge or information sufficient to admit or deny the circumstances of the alleged earlier calls and denies that they are attributable to Defendant.

157. Defendant denies that the transfer, acceptance of the call, provision of plan information, or Agent of Record designation establishes that Defendant initiated or is legally responsible for the earlier calls.

158. Defendant denies that it violated Fla. Stat. § 501.059, including the provisions identified in Paragraph 158.

159. Defendant denies that it knowingly or willfully violated the FTSA.

## VIII. DAMAGES AND REQUESTED RELIEF

160. Defendant denies that Plaintiff suffered recoverable damages as a result of conduct legally attributable to Defendant.

161. Defendant lacks knowledge or information sufficient to admit or deny the nature and extent of the alleged invasion of privacy and therefore denies the allegation to the extent a response is required.

162. Defendant lacks knowledge or information sufficient to admit or deny the alleged interruption to Plaintiff's daily life and therefore denies the allegation to the extent a response is required.

163. Defendant lacks knowledge or information sufficient to admit or deny the nature and extent of the alleged inconvenience and loss of use of Plaintiff's telephones and therefore denies the allegation to the extent a response is required.

164. Defendant denies that Plaintiff is entitled to statutory damages except to the extent she proves the elements of a claim and the statutory prerequisites for recovery.

165. Defendant denies that Plaintiff is entitled to enhanced or treble damages. Defendant denies that any conduct attributable to Defendant was willful or knowing within the meaning of applicable law.

166. Defendant denies that Plaintiff is entitled to statutory damages under the FTSA except to the extent authorized by law and supported by proof of the statutory elements.

167. Defendant denies that Plaintiff is entitled to treble damages under the FTSA.

168. Defendant notes Plaintiff's allegation that she does not seek double recovery. Defendant denies that Plaintiff is entitled to any recovery absent proof of liability and the applicable statutory prerequisites.

169. Defendant notes Plaintiff's allegation that she seeks only one recovery per proven violation. Defendant denies that Plaintiff has established any violation attributable to Defendant.

170. Defendant denies that Plaintiff is entitled to the maximum statutory recovery or any other recovery without proof of the elements and statutory prerequisites for each claim.

171. Defendant denies that Plaintiff is entitled to costs or other relief except to the extent authorized by applicable law.

## IX. JURY DEMAND AND LEAVE TO AMEND

172. Defendant notes Plaintiff's jury demand and makes its own jury demand below.

173. Paragraph 173 states Plaintiff's request for leave to amend. Defendant denies that Plaintiff is entitled to amendment as of right where leave of Court or other authorization is required.

174. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's characterization of the facts currently available to her and therefore denies the allegation to the extent a response is required.

175. Defendant lacks knowledge or information sufficient to admit or deny what discovery may reveal concerning third-party callers, vendors, lead sources, transfer records, vendor relationships, CRM records, call logs, and Agent of Record records. Defendant denies that the allegations establish liability against Defendant.

## X. GENERAL DENIAL

To the extent any allegation in the Complaint has not been expressly admitted, Defendant denies it. Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff must establish that the calls supporting each claim were made by Defendant or are otherwise legally attributable to Defendant. Defendant denies that the calls allegedly made to the number ending in 1035 were placed, initiated, directed, authorized, or controlled by Defendant. The fact that Plaintiff was later transferred to Defendant's representative does not, standing alone, establish liability for earlier calls.

2. Defendant denies that the unidentified marketplace callers, lead generators, call centers, or vendors were Defendant's employees or agents, or that Defendant exercised the control necessary to impute their alleged conduct to Defendant. Defendant further denies that Plaintiff has established actual authority, apparent authority, ratification, or another legally sufficient basis for imposing liability on Defendant for those parties' conduct.

3. To the extent consent or permission is relevant to a particular claim or communication, Defendant relies on Plaintiff's voluntary participation in the transferred call with Ms. Espina, provision of identifying and eligibility information, request for email communications, continued participation after the return call, affirmative responses during the insurance discussion, verbal consents contained in the call script, and confirmation of receipt of the application. Defendant asserts these facts only to the extent they satisfy the consent or permission requirements applicable to the particular communication. Defendant does not contend that participation in the transferred call establishes consent for earlier calls.

4. To the extent Plaintiff asserts a claim based on the National Do Not Call Registry, Defendant denies that it made the alleged calls to the number ending in 1035. Defendant further denies that the Registry status of that number establishes liability for the separate interaction involving the number ending in 6775. Defendant asserts any applicable statutory or regulatory exceptions only to the extent supported by the evidence.

5. To the extent Plaintiff's claims require proof of use of an automatic telephone dialing system, artificial or prerecorded voice, or other technology covered by the applicable statutory provision, Plaintiff must prove that element as to the relevant calls. Defendant denies that the alleged pause and beep, standing alone, establishes use of prohibited technology by Defendant.

6. Plaintiff must prove the elements of each claim and the statutory prerequisites for the relief requested. Defendant denies that Plaintiff has established that Defendant made or caused the alleged calls, that the applicable statutory requirements were met, or that any violation is attributable to Defendant.

7. Defendant denies that it willfully or knowingly violated the TCPA, the FTSA, or any applicable regulation. Defendant denies that it had knowledge of the alleged earlier calls or of any alleged do-not-call request made to unidentified third parties before Plaintiff was transferred to its representative.

8. Any damages award must be limited to those authorized by the applicable statute and supported by proof of the required elements. Defendant denies that Plaintiff is entitled to enhanced damages absent the required showing of willful or

knowing conduct. Defendant further asserts that Plaintiff may not recover duplicative damages for the same violation or injury under overlapping theories.

9. To the extent discovery establishes the factual and legal prerequisites for a bona fide error defense under the applicable statute, Defendant asserts that defense. Defendant does not assert this defense as an admission that a violation occurred and will rely on the evidence concerning its procedures, records, and conduct.

10. Defendant denies that Plaintiff has established standing for any claim based on conduct not fairly traceable to Defendant. Defendant asserts this defense only to the extent supported by the facts and applicable law and does not contend that the absence of actual monetary loss alone defeats a claim for statutory damages.

11. Defendant asserts the defenses reasonably apparent from the Complaint and information presently available. Defendant reserves the right to seek leave to amend this Answer and assert additional defenses, offsets, or other matters revealed through discovery, subject to the Federal Rules of Civil Procedure and the Court's orders.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Insure Choice LLC d/b/a Insure Choice Group respectfully requests that the Court:

a. Enter judgment in Defendant's favor on Plaintiff's Complaint;

b. Deny Plaintiff's requests for damages and other relief to the extent not authorized by applicable law or supported by the evidence;

c. Award Defendant its taxable costs and any attorneys' fees recoverable under applicable law; and

d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Matthew Baez,*
MATTHEW BAEZ, ESQ.
Florida Bar No. 1015227
Intercom Media, LLC
5201 Blue Lagoon Drive, 8th Floor
Miami, FL 33126
Tele: (646) 432-5042 x302
Matthew@intercommedia.com

*Of Counsel for Defendant Insure Choice LLC d/b/a Insure Choice Group*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2026, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the matter specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Matthew Baez,*__________________
MATTHEW BAEZ